PRONICK v. METROPOLITAN TRUST CO.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. MORTGAGES—BONDS—INTEREST—STATEMENT OF INTEREST—INSPECTION BY BONDHOLDERS.

Where the mortgage securing bonds of a railroad company provides that between the 1st and 30th of September in each year the railroad company shall file with the trustee for the bondholders a statement of earnings, etc., and the rate of interest to be paid on the bonds, and that during that period a certain number of bondholders may object, in a manner prescribed by the mortgage, to the interest and rate, there is an implied grant of a right on the part of the bondholders to an inspection of the interest statement between the 1st and 30th of September.

2. SAME—TIME FOR INSPECTION.

The right to inspect the statement is limited to the statement for the current year, and a bondholder cannot compel the trustee to exhibit statements for prior years.

Appeal from special term, New York county.

Suit by Joseph Pronick against the Metropolitan Trust Company to compel defendant, as trustee for the holders of bonds of the Central of Georgia Railway Company, to exhibit to plaintiff the interest statements made by the railroad company to the bondholders for the years 1898 and 1899. A clause of the mortgage securing the bonds provided that the railroad company should before the 1st of September of each year furnish the trustee with a statement showing the amount of the earnings and income of the previous fiscal year, and of the rate of interest to be determined to be payable on such bonds, and provided for the publication of the rate of interest determined, and that the ascertainment and declaration by the railroad company should be final as between the parties, but that between the 1st and 30th of September a certain number of bondholders might object, in a manner prescribed by the mortgage, to the interest rate. Suit dismissed, and complainant appeals. Affirmed.

The following is the opinion of the court below (LEVENTRITT, J.):

"The plaintiff rests his cause of action on the terms of the eighth clause of the mortgage, and his right to an inspection of the statements of other years is dependent on the language of that clause, together with its reasonable implication. Relief is demanded against the trustee under the terms of the instrument creating the trust, and not by virtue of any inherent relation existing between a trustee and the cestui. The mortgage, which, for the purposes of this case, is the final measure of the trustee's duties (Hollister v. Stewart, 111 N. Y. 644, 651, 19 N. E. 782; 19 Am. & Eng. Enc. Law, 732), contains no express provision granting an inspection of the interst statements to the bondholders, but surely an implied one, authorizing it between the 1st and 30th days of September of each year, as that is the period during which the requisite number of bondholders may, through the defendant, object, in the manner prescribed by the mortgage, to the interest rate, and after which the rate becomes final and unassailable except for fraud. It is clear to me, however, that, under the terms of the instrument, the implied right to inspect is limited to the statement for the current year, inasmuch as the object contemplated by filing the statement with the trustee is to permit an objection to the interest rate for that year only. In the absence of a provision of the mortgage by which the railway company is to file with the trustee this annual statement, no right to an inspection could arise in the bondholders, and the right, therefore, that has arisen by virtue of the presence of a provision, is to be measured by its reasonable intent. The plaintiff, who has been a bondholder since 1897, should have protected himself by demanding an inspection for each year during the month of September. Even had he become a bondholder only during the year in which he

74 N.Y.S.—37

demanded the inspection of prior statements, nevertheless he would be deemed charged with the knowledge of his predecessor in interest. In this case the plaintiff presents nothing to the court as a court of equity to call for an exercise of its inherent power to compel disclosure between trustee and cestui. Without showing any reason or object, he demands relief based solely on the implied terms of the mortgage. These do not warrant it. Complaint dismissed."

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

N. Bijur, for appellant.
H. Parsons, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below.

---

SARNO v. ATLANTIC STEVEDORING CO.

(Supreme Court, Appellate Division, Second Department. November 29, 1901.)

MASTER AND SERVANT—DEFECTIVE APPLIANCE—NEGLIGENCE.

The negligence in case of giving way of a guy made of wire, injuring employé, is that of the master, it having confided to its foreman the sole right and duty of selecting a suitable guy, and determining when it should be replaced, and the accident being caused by his negligence in failing to replace the guy with a new one after it had been subjected to undue strain and broken, of all which the employé had no notice.

Goodrich, P. J., dissenting.

Appeal from trial term, Kings county.

Action by Giuseppi Sarno against the Atlantic Stevedoring Company. From judgment for plaintiff and order denying new trial, defendant appeals. Affirmed.

The following is the opinion of the court below (SMITH, J.):

I do not think the selection of proper guys was a detail of the plaintiff's work. He had no part in the selection. He exercised no discretion whatever. He was obliged to rely entirely upon the judgment of Fortuna, the foreman to whom this duty was delegated by the defendant. I am also of the opinion that this case is distinguishable from the case of Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854. The guy in this case was made of wire. There is no evidence that under ordinary circumstances any necessity existed that it be frequently changed. There is no evidence that any of the workmen knew that there was a time limit of safety for its use. There is no evidence that any of the workmen could determine by observation when the limit of safety for any cause had been reached. There is no evidence that any of the workmen could give notice and get a new guy, or that they had ever done so. So far as it appears by the evidence, the defendant confided to its foreman the sole right and duty, not only of selecting in the first instance a suitable guy, but of determining when it should be replaced. The accident in this case was undoubtedly caused by the negligence of the foreman in failing to replace a guy with a new guy after it had been subjected to undue strain and broken, of all which the plaintiff had not the slightest notice. The duty of furnishing proper appliances for the use of the servant, and of exercising reasonable care and prudence to protect the servant from avoidable injury, is a duty of the master, and cannot be delegated. In this case the duty was